IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO M. McCLURKIN,

    Petitioner,

        v.                          Criminal Case No. DKC-11-0460
                                    (Related Civil No. DKC-18-0735)

UNITED STATES OF AMERICA,

    Respondent.

\*\*\*

## MEMORANDUM OPINION

On November 3, 2011, Petitioner Antonio M. McClurkin pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 17. His conviction became final on November 8, 2011, when he was sentenced to a 180-month term of imprisonment as a career offender under the United States Sentencing Guidelines § 4B1.1. ECF No. 23. No appeal was noted.

On June 14, 2016, McClurkin filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was withdrawn on June 9, 2017. ECF Nos. 38, 46. McClurkin requested permission to file a successive § 2255 motion on March 9, 2018, citing a new rule implemented by the United States Supreme Court in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018).[1] ECF No. 47. The court construed McClurkin's filing as a motion to vacate and directed him to supplement the filing within 45 days. ECF No. 48. McClurkin filed supplemental motions to vacate on April 26, 2018 and June 26, 2018. ECF Nos. 49, 51. First, he argues that pursuant *Rosales-Mireles*, he should be resentenced with instructions to consider the "overwhelming cumulative effects of the overlapping enhancements in this case." ECF No. 49. Second, McClurkin claims

---

[1] At the time of McClurkin's filing, the Supreme Court had only granted certiotari and had not yet rendered a substantive opinion. *See Rosales-Mireles v. United States*, 138 S. Ct. 55 (Sept. 28, 2017).

that he received a six-level enhancement for a firearm with which he was never charged.[2] *Id.*
Third, McClurkin alleges that his counsel was ineffective and the "Rule 11 inquiry was flawed" because he was not advised that he could receive enhanced penalties in subsequent convictions.[3] *Id.* Fourth, he asserts that his counsel was ineffective for not raising arguments, "over the wording of the applicable U.S. sentencing guidelines." ECF No. 51.

The court issued a show cause order directing the Government to respond to the motion to vacate. ECF No. 50. The Government filed a response on August 7, 2018, arguing that the motion to vacate was time-barred and otherwise procedurally defaulted or failed on the merits. ECF No. 55. McClurkin filed a reply to the Government's response on August 27, 2018. ECF No. 57.

## Analysis

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions filed under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] McClurkin states that the court erred in imposing a six-level enhancement under U.S. Sentencing Guidelines Manual § 2B3.1(b)(2). ECF No. 49 at pp. 4-5. However, this enhancement had no actual effect on his sentence because McClurkin's career offender designation—and not his base offense level and attendant enhancements—dictated the Guidelines range in this particular case. *See* ECF No. 17, p. 4 (McClurkin's plea agreement); *see also* ECF No. 34, p. 15 (McClurkin's sentencing).

[3] McClurkin is reminded that the terms of the plea agreement specifically stated that he was a career offender. *See* ECF No. 17, p. 4. In signing the plea agreement, McClurkin specifically acknowledged, "I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it." *Id.* at p. 8 (emphasis added).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the criminal judgment was entered on November 8, 2011. As noted, McClurkin did not file an appeal. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction). Therefore, McClurkin had until November 8, 2012, to file a timely motion to vacate. He did not do so.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) . . . prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing, or that circumstances beyond his control caused the delay. *See Rouse*, 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

McClurkin argues that he is entitled to equitable tolling because upon being sentenced in 2011, he was taken back to Fairfax County, Virginia to serve a sentence imposed by the Commonwealth of Virginia, and he "did not have access to his federal legal documents due to the fed-state transit." ECF No. 57, pp. 1-2. McClurkin's argument is unavailing. At a

3

minimum, he fails to explain how his incarceration in Virginia prohibited him from filing anything in federal court.

Moreover, McClurkin cannot utilize § 2255(f)(3) to justify the late filing of his motion. *Rosales-Mireles*, which was decided two months after McClurkin's motion was filed, did not establish a new rule that applies retroactively to collateral actions under § 2255. 138 S. Ct. 1897. Thus, McClurkin's motion is subject to dismissal as untimely.

### Certificate of Appealability

Unless a Certificate of Appealability ("COA") is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S., 327 (2003); *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). McClurkin does not satisfy this standard, and the court declines to issue a Certificate of Appealability.

### Conclusion

The motion to vacate will be dismissed and a COA will not issue. A separate Order follows.

October 11, 2018                  /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge